The issue in this case is whether Missouri's drug distribution statute qualifies as a controlled substance offense under the sentencing guidelines. It does not because the required analysis reveals that Missouri's statute criminalizes more conduct than the guidelines definition. Under Missouri law, an offer, even a fraudulent offer, suffices for a conviction. That is not found in the federal definitions. Counsel, the Sammons case says the opposite. That's correct. It does, Your Honor. Okay, so tell me how you discredit Sammons. Well, Hendricks came before Sammons. Counsel, I was hoping you didn't mention Hendricks. Hendricks was vacated when the case was transferred to the Missouri Supreme Court. And Missouri has many, many cases that say a transferred case is null, void, nullity. I made a list of them. Vacated, set aside, functus officio, which the Court of Appeals opinion in Hendricks is of no, it can't be cited. It has a red flag in West. For years they didn't even go to West. The more you want to know about bathtubs, but true. And it has a disclaimer at the top saying it's not to be cited. So just so you know about the Court of Appeals opinion in Hendricks. And then the Supreme Court takes the case in Hendricks, and the Supreme Court in Hendricks, Judge Covington says at that time there's no law on that issue. And that is the Supreme Court of Missouri speaking, Chief Justice Covington. And in referring to the Missouri Supreme Court opinion, the conviction was affirmed for Hendricks. At the end of the day, Mr. Hendricks was still found guilty for offering to sell drugs for the mere words. And he continued to serve a seven-year sentence as a result of that conviction. So I am fully aware of the Salmon's decision. I understand that it muddies the waters here quite a bit. But I don't think this Court can ignore the Supreme Court affirmance in Hendricks. The Missouri statute provides for definitions of some of the conduct contained in the sale and distribution statute. And it provides that a person can be convicted for just offering to sell drugs. The definitions which are available both in the jury instructions and in the statute indicate that delivery can include a sale, that a sale includes an offer therefore. And because that language is broader than the language that is found in the guidelines, and the least act that can be found to violate the statute is an offer therefore, which is greater than that found in the guidelines, a conviction under that portion of the statute cannot qualify. The other thing I think that's interesting to note, Your Honor, is that in the Salmon's case, the Court of Appeals added some statutory requirements that aren't found in the statute, and that aren't found in the jury instructions. And as you know, Judge Benton, the Missouri Supreme Court controls the way the instructions are drafted and written. And the Missouri-approved instructions did not change after the Salmon's opinion was handed down. And we know that the Court changes instructions to comply with changes in the law. When the circumstantial evidence law changed in Missouri, the instructions followed suit. But that did not happen after the Salmon's opinion was filed. In fact, if you think about a Missouri trial court judge, even today presented with a case where a person is charged with distribution or sale of drugs, and the evidence is that that person only used mere words to offer the drugs, the court has to give the jury the instruction that's available to it that does not include any more expansive language than an offer therefore. It doesn't mention capacity at all? It does not indicate that at all. And it's interesting to note that the federal courts that have found that the statute, the state statutes for offer therefore, did fit within the guidelines. When you look at those instructions in those cases, typically you find something more. You find specific intent, you find that he had access, that there was more to the instruction or the statute than what Missouri has. And Missouri's statute hasn't changed, the instructions haven't changed, and words alone are sufficient to sustain a conviction in Missouri. I want to just walk the court through a few of the cases in our brief. Savage, for example, analyzed a Connecticut statute and concluded that that statute was broader than the guidelines definition of a controlled substance offense because even fraudulent offers were satisfied. That case gave the example of an offer to sell the Brooklyn Bridge. The person can knowingly make that offer, have no intention of following through with the delivery of the Brooklyn Bridge. U.S. v. Matkins. So you say under Missouri law there's no requirement that the defendant had the intent to carry through on sale? It is not found in the jury instructions. All right. So what if you're wrong about that? Where does that leave us if Salmon says there is a requirement of intent and we think that's the better view of Missouri law? Well, I think the instructions are the better view of the Missouri law. I understand your point. But I'm just trying to find out whether the case rises or falls on that. In other words, if we see it the other way on the intent requirement, then does that mean the offense counts as a prior? I would still argue that it doesn't because I think this court needs to do an analysis of the total state of the law in Missouri and that I think you cannot ignore that Hendricks in the Missouri Supreme Court had a conviction sustained from your words. You're still fighting the hypothetical or still fighting the assumption that Salmon's is the better view of the law. So I take that to mean that if Salmon's is the better view of the law, then you lose. It would be very problematic for us, I would say. You can continue to argue why Salmon's isn't the better view of the law. I just wanted to get that settled first. I think that we don't know out there how many Missouri prosecutors are still charging individuals with making mere offers. Many people plead guilty to resolve their cases regardless of whether the case goes to trial and goes up on appeal and this court has the opportunity to look at that history. But the statute still allows Missouri prosecutors to charge somebody who simply makes mere words or offers to sell the drugs. And I think even the dissent in Salmon's talks about the policy reasons for being able to prosecute something like that. That it's dangerous to offer to sell drugs and not deliver on that. That the potential for violence arising from such a fraudulent offer is something that prosecutors should be able to prohibit. The government also argues that the language in the guidelines which permits convictions for attempt to qualify. And they argue that offer therefore and attempt are one in the same. And I think that defies logic and if you look at the Matkins decision that court does a very nice job of distinguishing between an offer and an attempt. Obviously this court knows that an attempt requires some sort of substantial step to completing the offense. An offer, however, can simply be fraudulent. I can offer to sell you drugs without ever having them or having the intent to produce them. But those are not the same acts. The government also argues that because under their argument the attempt would qualify as under the guidelines that Mr. Reed's both of his prior convictions would count. But I think it's important to note that his conviction, his first conviction was for attempted possession of a controlled substance, a Class C felony. So under their logic you would have to conclude then that Mr. Reed's conviction was an attempt to attempt to offer to sell the drugs. If attempt and offer are the same thing. And if that argument were to fly, then clearly his conviction wouldn't fit because it exceeds the guidelines. The guidelines don't allow for an attempt to attempt to do something. As I was mentioning earlier, I think the New York instructions in Pasquale versus Holder include a requirement of far more. And those jury instructions get great length to talk about the additional facts that must occur in an offer therefore. The offer there has to be bona fide, right? Yes, that's right. That's the magic words there. The magic words are bona fide. And you won't find those words anywhere in the Missouri statute or in the Missouri jury instructions. If the court has no further questions, I'll reserve the remainder of my time to rebuttal. Very well. Ms. Behrens, we'll hear from you. Thank you. May it please the court. My name is Allison Behrens. I'm an assistant United States attorney here in St. Louis. And I represent the United States in this appeal. As the court knows, the statute before the court today is the Missouri Controlled Substance Statute, a particular section of that, which is section 195-211. And that statute provides that it is a felony to distribute, deliver, manufacture, or produce a controlled substance. And, of course, the issue before the court is whether that term deliver contained in this statute criminalizes a broader swath of criminal conduct than the generic definition of controlled substance contained in the guidelines. And the more specific issue for the court is revolving around the fact that the term deliver is defined elsewhere in the Missouri statute to mean sale. And the term sale is then, in turn, defined elsewhere to mean an offer therefore. And so the question is, does that inclusion of that phrase offer therefore make the Missouri term deliver in the statute broader than the guidelines? And it's the government's position that it does not. This court has not yet had the opportunity to consider the relationship between the term offer in a state statute in relation to the guidelines of the state statute. Counsel, we just did that in the Maldonado case, right? Do I have the right case? But it was for Nebraska and Iowa. Are you familiar with Maldonado? I am, Your Honor. Last July. Go ahead. I'm sorry. I guess what I meant to say more specifically is in terms of deciding where that line of demarcation occurs in terms of does the intent require more. Did I miss that in Maldonado, Your Honor? Because I know it was... Well, it depends on each state statute, right? Correct. Correct. It does. The issue, the clear line of demarcation is if offer exists by itself, that's not going to be sufficient. And I think everybody agrees with that. That is simply not sufficient. It will criminalize a broader swath of criminal conduct. So the question for the court is then do we have something more here in Missouri? And the Supreme Court, as the court knows, always directs the court in making that determination to look at how the state courts interpret their statute. And here the state court interprets its statute to require more. Nowhere in the government's brief, contrary to what Ms. Bindex said, does the government say an offer is sufficient. What we are arguing that Missouri requires an offer plus more. It requires an offer plus an intent to follow through with that offer. And as such... Do you think the term capacity... You've read Sammons. I have. Do you think capacity is the key? Judge Mooney in dissent, in the majority, he uses the term capacity. Do you think that's the way to think about it or not? He does use the term capacity, Your Honor. But I would direct the court in Sammons to instead the concluding phrase of the majority opinion, which is that the reason Sammons reversed count two in that case was because the defendant never intended to transfer anything to Haley. And that's in the final paragraph of the majority opinion. I believe it's intention. Now, if you have the capacity to follow through, that is subsumed within intention, I believe. So there are probably different ways that you can show your intention to follow through. But regardless, the law is clear under Sammons that something more than just mere words is required. And I would greatly disagree with the argument that simply because jury instructions may not have been modified, that somehow alters the analysis. Counsel, are you aware that jury instructions are mandatory in Missouri and they're done by the Supreme Court by vote? Are you aware of that? No, I am aware of that. But my point, Your Honor, is, and obviously I will always defer to you on Missouri. No, no, no. That was an honest question. No, but yes, but that's not, I don't think, the precise issue that I'm making. I do not find it even at all believable that prosecutors will be out there prosecuting defendants on mere words and that that has never been appealed since Sammons was decided. That there hasn't been a subsequent sufficiency of the evidence. What part of the jury instruction do you think is favorable to you? Or have you looked at the jury instruction? I have not looked at the jury instruction, Your Honor. But I will say I don't think the jury instruction matters in this particular case because the law is so clear based upon what the Supreme Court requires this court, not this court, but in general the analysis, is to look at how state courts are interpreting. How are state courts interpreting their own statutes? State against Sammons is the preeminent case. In fact, it's the only case on the issue. It couldn't be more clear that more is required than a mere offer. And because more is required, that means that Missouri statute is consistent with that line of demarcation, which is that if you have an offer plus more than according to the 1st, 2nd, 6th, 10th circuits, all the courts to consider that line, if you have more, then that is comparable and consistent with an attempt under the guidelines to commit a controlled substance offense. And as such, because both of the defendant's convictions fall under that, both of his convictions count for purposes of elevating his offense to becoming a career offender in this particular case. I think, Your Honor, you mentioned the problems with Hendricks. I don't want to belabor that point too much. Contrary to what Ms. Vinebeck says, I don't believe Hendricks has any particular... Do you mean the Hendricks Court of Appeals opinion? Absolutely, that's what I mean, Your Honor. The Hendricks Supreme Court. The Supreme Court stands that there was a procedural issue. Of course that stands. And it also says there's no law on the subject at that time. That is correct. And in fact, I think the dissenting opinion in Sammons with Judge Binney also says that there's no guidance from the Missouri Supreme Court on this issue. But the fact of the matter is, the Hendricks appellate decision... Thank you for the correction. But do I understand the Fifth Circuit's position to be that there must be possession? It's an offer to sell plus possession. Right? In the Fifth Circuit? I understood, Your Honor, the Fifth Circuit opinion to suggest that an offer by itself was sufficient. But I think that the Fifth Circuit opinion stands alone for a reason, and that's because I don't think the analysis, if you follow that procedure, which we've set out at length in our brief, I don't think the procedural posture of that ultimate ruling stands up under scrutiny. As I indicated in our... And I'm happy to go through it with the court if... Yeah, I'm struggling to think how to say it to you because we're talking past each other on the point. No, no, no. How do you think the Fifth Circuit's case... I should ask a question. How do you think the Fifth Circuit's case is different than everybody else? Everybody says they're different. How are they different? Yes. Here's how I feel they're different. The Missouri-Texas statute includes the language offer, just like Missouri's does. Okay? So the Texas statute includes that language. It is the government's opinion that Texas law requires an offer plus intent in order to be convicted. The Fifth Circuit, in its rulings, has said that the Texas statute is too broad. It criminalizes a swath of criminal conduct that exceeds the guidelines, even though Texas law has defined its statute to require both the offer plus intent. The reason the Fifth Circuit reached that conclusion, I believe, is based on a faulty line of cases that have developed over many, many years. And that starts with a case where the Fifth Circuit was analyzing the term offer of a California statute, and they found that the California statute was too broad. Then, when the issue was presented in Texas, I mean, before the Fifth Circuit, regarding the Texas law, instead of analyzing Texas law, the Fifth Circuit said, we've already ruled on this issue. We've already said offer is too broad. But they never considered Texas law and how Texas interprets it. They just felt they were bound by another panel decision. And in fact, really, they weren't. I thought by what they said in Price, they said in Texas, possession's not required. It can be a mere offer to sell. If possession were required, it'd be okay. But you don't think that's accurate? Maybe I'm not understanding your question, then, Your Honor. That's it. That's it. I thought that they were hung up on whether there was possession. I think Texas requires more than just a mere offer. So maybe possession, if you have the drugs in possession, in addition to offer, that that would be sufficient? I don't know. I just know, what I do know, is that the Fifth Circuit has never analyzed, specifically, the Texas statute and what is required for purposes of the guidelines. And I think that that's why the Fifth Circuit stands alone on this issue. If there are no further questions, I thank you for your time and we would respectfully request that the Court affirm the sentence of the District Court. Very well. Thank you for your argument. Do you have any rebuttal, Ms.? You may proceed with rebuttal. Thank you, Your Honor. I want to start by talking about Maldonado. Judge Benton, you asked about that case. That is an Eighth Circuit opinion that determined that in the states that they looked at, that that statute required more than mere words. In fact, the Court found in Maldonado that the statutes didn't even include the words, offer, therefore. And that's how Maldonado is distinguished in this case. I did look at the jury instructions and I think they are helpful in determining what is required for a jury to find. The jury instructions in Missouri describe that the jury has to decide whether the defendant distributed, delivered, or sold a drug. And then, if requested, the definition of sold or sell has to be given. And then you get down to the definition which includes offer, therefore. So the instructions, I think, as I've said, support the argument. The first one requires intent, though. It does require subprong, whatever you call it. It requires knowing conduct. But I can knowingly offer you drugs. I can know that I'm telling you that I'm offering you heroin without ever having the intention or the ability to deliver those drugs to you. I can make that fraudulent offer, but it can also be a knowing, fraudulent offer. I want to also mention that in Hendricks, as I indicated, that conviction remained intact. The Supreme Court, and Judge Benton, you probably know this better than anybody, had the ability to do some other things with Hendricks. They could have... There were three opinions. Go ahead. Didn't they just say he hasn't properly raised this argument that you're making now? They did. And therefore, they affirmed the conviction, but they didn't pass on the issue. But they could have asked for the trial court's conviction. The conviction was affirmed, and where we're left... Well, was it really affirmed? I mean, technically affirmed, but all they did was reinstate the conviction because there was a procedural default on the appeal, right? At the end of the opinion, the conviction is affirmed. I mean, that's the language that the Missouri Supreme Court says. That doesn't mean, though, that they decided every issue that could possibly have been raised. That's what the Supreme Court to do. So ultimately... No, they did dismiss it. No, the case was dismissed for inadequate briefing, right? That's headnotes two, three, and four of the opinion. Although at the end of the opinion it says affirmed, it doesn't say dismissed. Yeah. In Missouri, are west headnotes part of the law? I think you have to go by what the court did, and I don't view it as a dismissed case because the court affirmed the conviction at that time. And I meant the parts of the opinion were those numbers. I didn't mean the headnotes themselves. Okay. If the court has no other questions, I will conclude my argument and ask that this court vacate Mr. Reed's 151-month sentence and remand for resentencing consistent with accurate calculation of his guidelines. Thank you. Very well. Thank you for your argument. The case is submitted, and the court will file an opinion in due course.